**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| **THE STATE OF TEXAS,** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 3:21-CV-309** |
| | § | |
| **JOSEPH R. BIDEN, in his official** | § | |
| **capacity as President of the United** | § | |
| **States, et al.,** | § | |
| *Defendants.* | § | |

**THE STATE OF TEXAS'S
NOTICE OF ADDITIONAL AGENCY ACTION**

Plaintiff the State of Texas ("Plaintiff") respectfully submits this notice of additional action, specifically the new Office of Management and Budget ("OMB") Rule, published in the Federal Register on November 16, 2021, and attached as Exhibit A to this Notice.

The new OMB Rule does not cure the defects asserted in Plaintiff's Original Petition and Motion for Temporary Restraining Order and Preliminary Injunction. The original OMB Rule, which was published on September 28, 2021, violated both the Procurement Policy Act and the Administrative Procedure Act, and was done pursuant to President Biden's unlawful Executive Order 14042. Both violations remain.

In the new OMB Rule, OMB Director Shalanda Young again determined that she approves of the new OMB Rule and has determined that "the COVID-19-workplace safety protocols detailed in the [Taskforce] Guidance will promote economy and efficiency." Fed. Reg. at 63,418. Director Young asserts broad conclusory statements such as "[r]equiring any

workers who have not yet does so to receive a COVID-19 vaccine would generate meaningful efficiency gains for Federal contractors," and "[w]hile anecdotal reports suggest that vaccine mandates may lead some workers to quit their jobs rather than comply, which could create some cost associated with replacing them, we know of no systematic evidence that this has been a widespread phenomenon, or that it would be likely to occur among employees of Federal contractors." Fed. Reg. at 63,422.

However, Plaintiffs have attached Declarations of several Federal contractors all asserting that they will in fact quit, if forced into submission, and the detrimental effects their terminations will have on both their employers but also on their families. *See* Plaintiff's Exhibits M-Q, S. Plaintiff also attached Declarations of several Texas State agencies that will be directly impacted if they do not comply. *See* Plaintiff's Exhibits I-L. Director Young's dismissal of individuals such as these as merely "anecdotal reports"—while relying on anecdotal reports herself—is unexplained and unjustified, and she makes no serious consideration of the importance of protecting individual rights.

Additionally, the procedural defects remain the same, as the OMB has again failed to follow notice-and-comment procedures. Fed. Reg. at 63,423-25. And to the extent Director Young asserts any exceptions to the procedural requirements the OMB Rule must follow, the supposed need for these exceptions was of President Biden's and Defendants' own making, and the Contractor Mandate is not thereby sheltered from scrutiny and judicial review. *See, e.g.*, *Chamber of Commerce of U.S. v. Reich*, 74 F.3d 1322, 1330 (D.C. Cir. 1996).

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN COWLES**
Deputy Attorney General for Civil  Litigation

**THOMAS A. ALBRIGHT**
Chief, General Litigation Division

*/s/ Christopher D. Hilton*
**CHRISTOPHER D. HILTON**
Deputy Chief, General Litigation Division
Texas State Bar No. 24087727
So. Dist. No. 3029796
Christopher.Hilton@oag.texas.gov

**HALIE ELIZABETH DANIELS**
Assistant Attorney General
Texas State Bar No. 24100169
So. Dist. No.  3380631
Halie.Daniels@oag.texas.gov

**AMY SNOW HILTON**
Assistant Attorney General
Texas State Bar No. 24097834
So. Dist. No. 3350717
Amy.Hilton@oag.texas.gov

Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

**COUNSEL FOR THE STATE OF TEXAS**

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing document and all attachments were filed via CM/ECF, causing electronic service on all counsel of record.

*/s/ Christopher D. Hilton*
**CHRISTOPHER D. HILTON**