UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS,<br>    *Plaintiff*,<br><br>v.<br><br>JOSEPH R. BIDEN, in his official capacity as President of the United States, et al.,<br>    *Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:21-CV-309 |

## THE STATE OF TEXAS'S SUPPLEMENTAL BRIEF

On December 3, 2021, the Court held a hearing in this matter on the State's motion for preliminary injunction.[1] *See* Dkt. #6, 37. The Court invited the State to provide a brief and supplement the record no later than December 6, 2021 regarding contracts which will be imminently affected by Defendants' Contractor Mandate. Accordingly, the State of Texas respectfully submits this supplemental brief.

The State has highlighted three of its affected governmental entities, and each continues to be approached by federal agencies demanding compulsory vaccination. Texas Tech University (TTU) was required by the Department of Energy, through its unilateral imposition of the Contractor Mandate on National Technology and Engineering Solutions of Sandia, LLC (NTESS), to require vaccination in connection with its work at Sandia National

---

[1] Although the State's motion requests both a temporary restraining order and a preliminary injunction, at the November 16, 2021 hearing in this matter, the Court stated it would proceed directly to the request for preliminary injunction. *See also* Dkt. #34 at 8.

Labs. Dkt. #1-2 ¶¶ 3-5. The federal government required NTESS both to accept the Contractor Mandate that resulted from Executive Order 14042 and to incorporate the Mandate in all subcontracts, including its subcontract with Texas Tech. Dkt. # 34-4 ¶¶ 25-30.[2] According to NTESS, because TTU has not accepted "NTESS's new clause flowing down the requirements of E.O. 14042," a pending Task Order valued at $250,000 "has not been executed nor will TTU be permitted to work under it." *Id.* ¶ 41.

Unfortunately, the situation at Sandia has become "bleak." *See* Exhibit B. Texas Tech has been advised by Sandia that "[a]ll revisions and subcontracts are on hold at TTU at this time," noting that "Texas has filed a lawsuit against President Biden, citing our CPA and the mandatory flow-down of the executive order regarding vaccines." *Id.* That project alone "has helped support approximately 25 graduate and undergraduate students" with approximately $2.5 million in total funds since 2011. Decl. of Eric Bentley ¶ 3, attached as Exhibit C.

Other TTU projects and contracts have also been affected since this litigation began. "[O]n November 22, 2021, TTU received an agreement from the Lawrence Livermore National Laboratory, a Department of Energy National Lab, for a new research agreement valued at approximately $907,000 that contains the mandatory vaccination clause derived from Executive Order." *Id.* ¶ 4. "The start date on the project was slated for December 1, 2021, and the future of the project is now called into doubt." *Id.* Additionally, "[o]n December 3, 2021,"—after the Court's hearing in this matter—"TTU received a project award . . . for

---

[2] *See also* Order DOE O 350.5, "Covid Safety Protocols For Federal Contractors," U.S. Dep't of Energy (Oct. 12, 2021), *available at* https://www.directives.doe.gov/directives-documents/300-series/0350.5-BOrder (last visited Dec. 6, 2021), attached as Exhibit A.

*Texas's Supplemental Brief*                   2

$450,000 for a project slated to start immediately" that "contains the mandatory vaccination clause derived from the Executive Order." *Id.* ¶ 5. And TTU is only one of several publicly funded Texas universities who have been approached by federal agencies to accept the Contractor Mandate. *See, e.g.*, Dkt. #34-5 ¶¶ 6-8.

State agencies are also suffering. The Department of State Health Services (DSHS) faces the prospect of jeopardizing its contract related to Hansen's Disease (also known as leprosy) because the federal government is requiring the Contractor Mandate. On November 16, 2021, the National Hansen's Disease Program, a part of the Health Resources and Services Administration (NHDP/HRSA), advised DSHS that it would be issuing an addendum to include the Contractor Mandate in its agreement—a contract worth over $300,000 in its current term. Decl. of Maria Imelda Garcia ¶¶ 3-5, attached as Exhibit D. And on November 17, 2021, DSHS was advised that NHDP/HRSA would be exercising an option under the contract to extend its term. *Id.* ¶ 4. The Contractor Mandate applies to the exercise of options on federal contracts. Dkt. #1-2, Ex. A, at p.3 § 5(a). Accordingly, the Contractor Mandate could interfere with the State's ability to get Texans with Hansen's Disease the life-saving treatment they need.

The Texas Workforce Commission (TWC) has also been repeatedly approached by its federal contracting partners to accept the Contractor Mandate. TWC has previously advised the Court that its Business Enterprises of Texas (BET) program, "which provides employment opportunities for legally blind individuals," has been affected by the Contractor Mandate. Dkt. #6-1, Ex. J, at p.72, ¶ 3. A representative of the U.S General Services Administration (GSA) has represented to the Court that the *permits* related to the BET program are not subject to the

Contractor Mandate. Dkt. #34-3 ¶¶ 17-18. But the GSA has told the Court nothing about the *contracts* related to this program. TWC previously advised the Court that a contract awarded to TWC for the BET program worth nearly $69 million was potentially subject to the Contractor Mandate, *see* Dkt. #6-1, Ex. J, at p.74 ¶ 7, and Defendants said nothing about that contract in their submission to the Court. Since then, TWC was *again* approached by the federal government for a contract amendment related to its BET program. A Task Order sent to the BET program—that is, to TWC—which includes the Contractor Mandate was proposed on November 26, 2021, representing $279,000 worth of work. Decl. of Cheryl Fuller ¶¶ 6-8 & ex. 1, attached as Exhibit E. That Task Order includes the vaccine mandate clause. *See id.* ¶ 7 & ex. 1 at 10. Although TWC has requested that the Contractor Mandate be removed from this Task Order, it has not yet received a response, which impacts both this contract and the BET program's administration budget. *Id.* ¶¶ 8-9.

In addition to these specific examples, publicly available data from the federal government shows that at least 474 contracts with the State of Texas and its agencies and universities have a total potential value of $250,000 or more. *See* Dkt. #6-1. Each of these contracts will be subject to the Contractor Mandate when extended or renewed. *E.g.*, Dkt. #1-2, Ex. A, at p.4 § 6 (EO 14042 requiring implementation by October 15, 2021). And other contracts below this threshold, which fall outside of the scope of the Federal Acquisitions Regulation, may still be subject to the Contractor Mandate. *See id.* at p.3 § 3(b) (directing agencies "to exercise any applicable authority" to impose the Contractor Mandate). Indeed, Defendants' declarant Karla Jackson cannot guarantee that various university contracts she identified will not be subject to compulsory modification in the future. *See* Dkt. #34-5 ¶¶ 6-8.

Accordingly, "moving forward, those contractors who refuse to include a deviation clause . . . are provided with a Hobson's choice: add the vaccine mandate to your current federal contracts by way of the deviation clause or lose out on future federal contracts." *Kentucky v. Biden*, No. 21-55, 2021 WL 5587446, at \*4 (E.D. Ky. Nov. 30, 2021).

The State of Texas continues to suffer direct economic harm because of Defendants' unlawful Contractor Mandate. Accordingly, because of the ongoing and irreparable injuries being inflicted on the State by Defendants—including the direct and indirect economic injuries that cannot be otherwise adequately compensated, the affront to Texan sovereignty caused by the effective invalidation of its laws, and the forced vaccination of its residents—the State of Texas respectfully requests that the Court grant its motion for preliminary injunction.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN COWLES**
Deputy Attorney General for Civil Litigation

**THOMAS A. ALBRIGHT**
Chief, General Litigation Division

*/s/ Christopher D. Hilton*
**CHRISTOPHER D. HILTON**
Deputy Chief, General Litigation Division
Texas State Bar No. 24087727
So. Dist. No. 3029796
Christopher.Hilton@oag.texas.gov

**HALIE ELIZABETH DANIELS**
Assistant Attorney General
Texas State Bar No. 24100169
So. Dist. No.  3380631
Halie.Daniels@oag.texas.gov

**AMY SNOW HILTON**
Assistant Attorney General
Texas State Bar No. 24097834
So. Dist. No. 3350717
Amy.Hilton@oag.texas.gov

Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

**COUNSEL FOR THE STATE OF TEXAS**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document and all attachments were filed via CM/ECF on December 6, 2021, causing electronic service on all counsel of record.

*/s/ Christopher D. Hilton*
**CHRISTOPHER D. HILTON**