UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS,<br>    *Plaintiff*, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 3:21-CV-309 |
| | § | |
| JOSEPH R. BIDEN, in his official capacity as President of the United States, et al.,<br>    *Defendants.* | §<br>§<br>§<br>§<br>§ | |

**THE STATE OF TEXAS'S RESPONSE TO THE COURT'S ORDER FOR SUPPLEMENTAL BRIEFING**

NOW COMES Plaintiff the State of Texas ("Plaintiff") and submits the following supplemental brief pursuant to this Court's Order. ECF No. 54.

**I.    BRIEF STATEMENT OF THE CASE**

This suit was initiated on October 29, 2021 following President Biden's Executive Order ("EO 14042" or "Contractor Mandate"), which required the implementation of a COVID-19 vaccine mandate on federal contractors. ECF No. 1. Plaintiff moved for a Temporary Restraining Order and Preliminary Injunction to enjoin Defendants from implementing and enforcing the Contractor Mandate. ECF No. 6. This Court held a hearing on Plaintiff's motion on November 16, 2021. ECF No. 19. Before ruling on Plaintiff's motion, the Court stayed the case in light of a nationwide injunction issued in *Georgia v. Biden* 574 F. Supp. 3d 1337, 1357 (S.D. Ga. 2021). That nationwide injunction was limited after the Eleventh Circuit

1

narrowed it to only apply to the original parties. *See Georgia v. President of the United States*, 46 F.4th 1283, 1305 (11th Cir. 2022).

Accordingly, now Plaintiff would show the Court a live controversy still exists and respectfully requests a ruling on Plaintiff's Motion for Preliminary Injunction. Given the Eleventh Circuit's ruling in *Georgia* and the Fifth Circuit's ruling in *Louisiana v. Becerra,* Plaintiff respectfully submits that it would be appropriate for the scope of the injunction to include only the State of Texas. *Id.*; *Louisiana v. Becerra*, 20 F.4th 260, 264 (5th Cir. 2021).

## II.  CURRENT STATUS

In *Georgia v. President of the United States*, the Eleventh Circuit Court of Appeals upheld the district court's order, enjoining enforcement of EO 14042, but only to the states who were named plaintiffs in the case. *Georgia*, 46 F.4th at 1305. Since the State of Texas was not a party to that case, no injunction currently exists that would protect the State of Texas from the effects of the Contractor Mandate. *See id.* The Federal Government has indicated it would not "implement or enforce" the Contractor Mandate pending ongoing litigation in *Georgia*;[1] accordingly, undersigned counsel conferred with counsel for Defendants about entering an agreed preliminary injunction in this case. *See* Exhibit A (email chain between Plaintiff and Defendants' counsel). But Defendants are unwilling to do so. *See id.* Accordingly, a live controversy remains between the Parties.

---

[1] SAFER FEDERAL WORKFORCE, *For Federal Contractors*, https://www.saferfederalworkforce.gov/contractors/ (last visited Oct. 12, 2022).

To the extent Defendants contend this controversy is moot, it is not. A case becomes moot only if it is impossible for the court to "'grant any effectual relief.'" *Chafin v. Chafin*, 568 U.S. 165, 172 (2013). As of today, EO 14042 has neither been revoked by the President or superseded by further executive orders. While the Safer Federal Workforce website indicates the government will not take any action to implement or enforce the Mandate pending the course of ongoing litigation related to the Georgia case, Defendants are unwilling to agree not to take any steps to implement or enforce the Mandate in Texas. In any event, voluntary cessation of an allegedly illegal conduct does not make the case moot. *United States v. W. T. Grant Co.*, 345 U.S. 629, 632 (1953) (citations omitted). There is still a live controversy unless a defendant can demonstrate that there is no reasonable expectation that the wrong will be repeated. *Id.* However, that burden is a heavy one. *Id.*

Here, Defendants cannot meet that burden. Plaintiff is now subjected to the Contractor Mandate following the Eleventh Circuit's limitation to the nationwide injunction. *Georgia*, 46 F.4th at 1305. Defendants' refusal to agree to a preliminary injunction threatens Plaintiff with the irreparable harm that will occur as a result of threatening millions of Americans to choose between their fundamental constitutional rights and their livelihoods. Ultimately, Defendants provide no assurances that the Contractor Mandate will not be enforced in Texas.

Accordingly, since The State of Texas was not included in the Eleventh Circuit's limited injunction and because Defendants have failed to give any assurance that the Mandate will not be enforced in Texas, this controversy is still live.

3

### III. CONCLUSION

For the foregoing reasons, the State of Texas respectfully re-urges its motion for preliminary injunction and requests the Court enjoin Defendants from implementing and enforcing the illegal Contractor Mandate in the State of Texas.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN COWLES**
Deputy Attorney General for Civil Litigation

**CHRISTOPHER D. HILTON**
Chief, General Litigation Division

*/s/ Heather L. Dyer*
**HEATHER L. DYER**
Assistant Attorney General
Texas State Bar No. 24123044
So. Dist. No. 3678443
Heather.dyer@oag.texas.gov

**AMY SNOW HILTON**
Assistant Attorney General
Texas State Bar No. 24097834
So. Dist. No. 3350717
Amy.Hilton@oag.texas.gov

Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

**COUNSEL FOR THE STATE OF TEXAS**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document and all attachments were filed via CM/ECF on October 12, 2022, causing electronic service on all counsel of record.

*/s/ Heather L. Dyer*
**HEATHER L. DYER**
Assistant Attorney General