Case 3:21-cv-00309 Document 58 Filed on 10/20/22 in TXSD Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
October 20, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, | § § § | |
| *Plaintiff*, | § | |
| VS. | § | NO. 3:21-CV-309 |
| | § | |
| JOSEPH R. BIDEN, *et al.*, | § § | |
| *Defendants*. | § | |

# **ORDER**

Before the court is the State of Texas's motion for a preliminary injunction,[1] filed November 15, 2021, seeking to block enforcement and implementation of Executive Order 14042 and its implementing regulations.[2] Dkt. 6. The court DENIES the motion.

The court stayed this case on December 10, 2021, following a Georgia district court's nationwide injunction that provided the relief Texas sought. *Georgia v. Biden*, 574 F. Supp. 3d 1337, 1357 (S.D. Ga. 2021). On August 26,

---

[1] Texas originally asked this court for a temporary restraining order and preliminary injunction. *See* Dkt. 6. During a telephonic hearing on November 16, 2021, the court ruled that it would treat the motion as one for a preliminary injunction only. Dkt. 18, Hrg. Tr. 29:9–11.

[2] *See generally*, Determination of the OMB Director Regarding the Revised Safer Federal Workforce Task Force Guidance for Federal Contractors and the Revised Economy & Efficiency Analysis, 86 Fed. Reg. 63418, 63418–25 (Nov. 16, 2021); *COVID-19 Workplace Safety: Guidance for Federal Contractors and Subcontractors*, Safer Federal Workforce Task Force (Nov. 10, 2021), https://perma.cc/8A7Y-ZYR5.

2022, the Eleventh Circuit narrowed the nationwide injunction to the original parties, excluding Texas. *See Georgia v. President of the United States*, 46 F.4th 1283, 1308 (11th Cir. 2022). Subsequently, this court ordered supplemental briefing on: (1) whether this case remains a live controversy; (2) how the Eleventh Circuit's opinion affects the originally requested relief; and (3) what changes, if any, are appropriate to the injunctive relief Texas originally requested. Dkt. 54.

After reviewing the parties' supplemental briefing, the court finds that Texas has not shown imminent harm. The party seeking a preliminary injunction must show "that the injury is imminent," *Humana, Inc. v. Jacobson*, 804 F.2d 1390, 1394 (5th Cir. 1986), and that the threatened irreparable harm is "more than mere speculation," *Janvey v. Alguire*, 647 F.3d 585, 601 (5th Cir. 2011); *see also NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 395 (5th Cir. 2015) ("[T]he Article III minimum for standing to request an injunction . . . requires ongoing harm or a threat of imminent harm.") (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 105, 103 (1983)).

Texas argues that because the defendants declined to enter an agreed preliminary injunction in this case, it continues to face imminent harm stemming from Executive Order 14042. Dkt. 55 at 2. The court disagrees. On

October 19, 2022,[3] the body charged with implementing and enforcing EO 14042—the Safer Federal Workforce Task Force—issued guidance directing agencies that:

> Despite the [Eleventh Circuit's] lifting of the nationwide bar to enforcement . . . at this time agencies should not: (1) take any steps to require covered contractors and subcontractors to come into compliance with previously issued Task Force guidance; or (2) enforce any contract clauses implementing Executive Order 14042."[4]

The Office of Management and Budget's complementary guidance specifically directs agencies to not (1) enforce existing contract clauses implementing EO 14042, (2) modify contracts to add a clause implementing EO 14042, or (3) include contract clauses implementing EO 14042 in any new solicitations.[5] Taking the defendants at their word, the court finds that EO 14042 poses no threat of immediate harm to Texas, and so DENIES its motion for preliminary injunction.

---

[3] Though the Task Force published the guidance after the parties submitted supplemental briefing, the court takes judicial notice of it. *See Ferguson v. Extraco Mortg. Co.*, 264 F. App'x 351, 352 (5th Cir. 2007) (citing *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829 (5th Cir.1998) (noting that courts may take judicial notice of facts not subject to reasonable dispute because they are "(1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to resources whose accuracy cannot be questioned").

[4] *For Federal Contractors*, Safer Federal Workforce, https://www.saferfederalworkforce.gov/contractors/ (October 19, 2022).

[5] OMB Guidance for Agencies_EO 14042_20221019, Office of Management and Budget, 2 (2022), https://www.saferfederalworkforce.gov/downloads/OMB%20Guidance%20for%20Agencies_EO%2014042_20221019.pdf

Signed on Galveston Island this 20th day of October, 2022.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE